# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kevin Kelly, individually and on behalf of all others similarly situated, | Case No. 1:21-cv-03124 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Whole Foods Market Group, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Whole Foods Market Group, Inc. ("defendant") manufactures, distributes, markets, labels and sells "Lemon Raspberry Italian Sparkling Mineral Water" in 1 liter glass bottles, represented as containing real lemons and real raspberries under the Whole Foods Market brand ("Product").

2. There is a history of producing sparkling mineral water beverages with small amounts of fruit juice.

3. Consumers viewing the Product will expect the presence of a non-de minimis amount of lemon and raspberry ingredients, based on the pictures of these fruits.

4. The representation as "Lemon Raspberry," coupled with the images of the fresh lemons and raspberries, is false, deceptive and misleading because the Product lacks an appreciable amount of these ingredients.




5. New York State regulations require companies to truthfully disclose whether a food or beverage contains the ingredients pictured on its label. *See* 1 NYCRR 259.1(a)(3) contained in Section 259.1 ("Packaging and labeling of food.") (incorporating 21 C.F.R. § 101.22, which controls labeling of flavor).

6. A food or beverage can get its "taste" from food or flavor.

7. "Food" refers to ingredients that are a source of nutritive value, such as lemons or raspberries.

8. Flavors are the extractives or essences from a fruit or vegetable, which are used only to provide taste instead of nutritive value. *See* 21 C.F.R. § 101.22(a)(3).

9. Consumers' preference is for foods which get their taste from food ingredients instead of added flavor, because this is perceived as more natural, less processed and not exposed

to additives or solvents that are used even in making "natural flavors."

10. The second preference is flavor which is exclusively from the identified food ingredients, i.e., lemon or raspberry instead of lemon flavor from limes or raspberry flavor from strawberries.

11. Consumers will expect an appreciable amount of lemon and raspberry ingredients because these fruits are pictured on the label.

12. An appreciable amount of lemon or raspberry is an amount sufficient so that all of the lemon and raspberry flavor comes from lemons and raspberries.

13. The front label contains other truthful statements, such as "Product of Italy," and consumers are given no reason to expect any statements or representations are not truthful or are misleading.

14. Contrary to the representations, the Product does not contain an appreciable amount of lemon and raspberry ingredients, nor is its flavor only and/or predominantly from lemons and raspberries.

15. The front label statement, "With Organic Flavors," fails to disclose that these organic flavors consist of non-lemon and non-raspberry flavors and that the Product lacks real lemon and raspberry.

16. The ingredient list fails to clarify the front label representations because it lists "Organic Natural Flavors (Raspberry, Lemon)."

**INGREDIENTS:** CARBONATED MINERAL WATER, ==ORGANIC NATURAL FLAVORS (RASPBERRY, LEMON)==.

3

17. The parenthetical description following "Organic Natural Flavors" fails to cure the misleading front representations.

18. First, while it purports to tell consumers that the "Organic Natural Flavors" may contain *some* raspberry and lemon flavor, it fails to tell them it mainly consists of flavors from fruits other than lemons and raspberries.

19. "[Organic] Natural Flavor" is the term used where multiple extractives from real fruit ingredients, along with additives and solvents, are combined in a laboratory.

20. Second, consumers will not understand why the parenthetical lists only "Raspberry" and "Lemon," and will reasonably expect these ingredients in the Product.

21. Because lemon oil and raspberry oil or raspberry extract are not separately identified ingredients, it means that any real lemon or raspberry flavoring is at most a *de minimis* or a trace amount and is part of the "Organic Natural Flavor." ingredient.

22. According to flavor expert Bob Holmes, "If you were getting all the flavor depth of the lemon [or raspberry] itself, the label would likely read 'lemon juice' or 'lemon oil,' not 'natural lemon flavor.'"

23. The Product's "Organic Natural Flavor" instead consists of flavor compounds which imitate the taste provided by lemons and raspberries.

24. These compounds are cheaper than using real lemons and raspberries, and more concentrated, so less of these ingredients needs to be used.

25. The Product lacks a characteristic lemon and raspberry taste.

26. The presence of a de minimis amount of lemon and raspberries was or would be confirmed by lab testing.

4

27. Lemon oil gets its flavor from alcohols, aldehydes, esters, ethers, terpenes, hydrocarbons and ketones.

28. These compounds give lemons their characteristic sour taste, which is complemented by sweetness and tartness.

29. However, the "lemon" taste is mainly from added limonene and citral, through the isomers neral and geranial, and it lacks the other compounds essential to a lemon's taste.

30. These include beta-pinene, beta-myrcene and γ-terpinene, which provide the woody and "piney" notes of real lemons.

31. Raspberry oil or raspberry extract gets its flavor from at least 30 compounds including alcohols, acids, esters, carbonyls, ketones and other hydrocarbons, like naphthalene.

32. These include (Z)-hexenol, hexanal, (E)-2-hexenal, 2-heptanone, δ-octalactone, δ-decalactone, geraniol, α-ionone, β-ionone, terpinen-4-ol, ethyl formate and 1-(p-hydroxyphenyl)-3-butanone.

33. 1-(p-hydroxyphenyl)-3-butanone, known as "raspberry ketone," is the most prominent compound and is most characteristic of raspberry.

34. Lab analysis reveals a relative abundance of raspberry ketone compared to the other key odor-active compounds, which indicates a *de minimis* amount of real raspberry.

35. The characteristic raspberry taste is described as "green, acid and sweet natural profile…[with] slightly crunchy floral undertones blended with woody notes [taste] at the end."

36. The Product lacks an authentic raspberry taste because though it may contain raspberry ketones, it lacks the complementary flavor compounds.

37. The absence of the range of compounds associated with lemons and raspberries indicates the use of less real lemons and raspberries than consumers will expect.

38. Consumers also value lemons and raspberries for their nutritive purposes, which is one of the reasons plaintiff purchased the Product.

39. Lemons are high in vitamin C, a primary antioxidant which protects cells from damaging free radicals.

40. The polyphenol antioxidants in lemons are linked with reducing weight gain.

41. Raspberries also contain vitamin C, but provide potassium, essential to heart function and controlling blood pressure.

42. Raspberries contain omega-3 fatty acids, known to reduce the incidence of stroke.

43. Raspberries contain the essential mineral manganese, which promotes healthy bones and skin and regulation of blood sugar.

44. Defendant's omission and failure to disclose the relative absence of lemon and raspberry ingredients is deceptive and misleading to consumers.

45. Reasonable consumers must and do rely on defendant to honestly describe the components of the Product.

46. Plaintiff did not scrutinize the ingredient list nor was he required to do so.

47. Even if Plaintiff did scrutinize the ingredient list, it would not cure the front label misrepresentations.

48. Defendant misrepresented the Products through affirmative statements, half-truths, and omissions.

49. Defendant sold more of the Product and at a higher price than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

50. Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

51. Plaintiff paid more for the Product based on the representations it contained appreciable amounts of real lemons and real raspberries.

52. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $1.79 for 33.8 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

53. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

54. Plaintiff Kevin Kelly is a citizen of New York.

55. Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a principal place of business in Austin, Travis County, Texas.

56. Diversity exists because plaintiff Kevin Kelly and defendant are citizens of different states.

57. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

58. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

59. Venue is further supported because many class members reside in this District.

## Parties

60. Plaintiff Kevin Kelly is a citizen of New York, New York County, New York.

61. Defendant Whole Foods Market Group, Inc. is a Delaware corporation with a

principal place of business in Austin, Texas, Travis County.

62. Defendant operates the nation's largest chain of organic grocery stores, which is known for its commitment to high quality foods and transparent labeling.

63. Defendant's 500 stores are in almost every state in the country.

64. The Product is sold to consumers from Whole Foods locations, WholeFoods.com, Amazon.com and through other third-party delivery companies.

65. Plaintiff bought the Product on one or more occasions within the statute of limitations for each cause of action alleged, from one or more locations, including defendant's store at 57 West 57th St New York NY 10019, between September and October 2020.

66. Plaintiff bought the Product at or exceeding the above-referenced price because he wanted to buy a product with the qualities and attributes represented herein and relied upon what the label indicated and/or omitted.

67. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

68. The Product was worth less than what Plaintiff paid and he would not have paid as much absent Defendant's false and misleading statements and omissions.

69. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance that Product's labeling is consistent with its composition.

## Class Allegations

70. The class will consist of all purchasers of the Product who reside in New York, Wyoming, Maine, Utah, Virginia, Vermont, Delaware and Ohio, during the applicable statutes of limitations.

71. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a

monetary relief class.

72. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

73. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

74. Plaintiff is an adequate representative because his interests do not conflict with other members.

75. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

76. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

77. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

78. Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

79. Plaintiff incorporates by reference all preceding paragraphs.

80. Plaintiff and class members desired to purchase products with the attributes highlighted by the labeling and marketing – that contained real lemons and raspberries, in amounts sufficient to provide flavor and nutritive benefits.

81. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

82. Defendant misrepresented the Product through its statements, omissions, ambiguities, half-truths and/or actions.

83. Defendant intended that Plaintiff rely upon Defendant's deceptive conduct.

84. Defendant knew or should have known that its representations about the Product's components and qualities were material and likely to mislead consumers.

85. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

86. Plaintiff incorporates by reference all preceding paragraphs.

87. The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that it possessed substantive, nutritional, functional, qualitative, compositional, organoleptic, sensory, physical and health-related attributes which it did not.

88. The presence or absence of the relevant components and features was expressly and impliedly warranted to Plaintiff and others.

89. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

90. This duty is based on Defendant's outsized role in the market for this type of Product – custodian of one of the most respected brands in the grocery industry.

91. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

92. Defendant received notice and should have been aware of these misrepresentations due to complaints by regulators and consumers to its main office over the past several years.

93. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

94. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Negligent Misrepresentation

95. Plaintiff incorporates by reference all preceding paragraphs.

96. Defendant had a duty to truthfully represent the Product, which it breached.

97. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

98. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

99. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

100. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

101. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

102. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

103. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

104. Plaintiff incorporates by reference all preceding paragraphs.

105. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek

restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 11, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

1:21-cv-03124
United States District Court
Southern District of New York

Kevin Kelly, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Whole Foods Market Group, Inc.,

Defendant

Class Action Complaint

```
Sheehan & Associates, P.C.
60 Cutter Mill Rd Ste 409
 Great Neck NY 11021-3104
    Tel: (516) 268-7080
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: April 11, 2021

/s/ Spencer Sheehan
Spencer Sheehan